IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DELANO HALE, | ) | |
| | ) | CASE NO. 1:18-cv-504 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE SARA LIOI |
| | ) | |
| TIM SHOOP, Warden, | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

Now before the Court in this capital habeas corpus case is petitioner, Delano Hale's ("Hale"), motion for leave to amend his habeas petition. (Doc. No. 24 ["Mot."].) Hale seeks to amend his petition to supplement his claim challenging Ohio's method of execution by lethal injection in light of the United States Supreme Court's decision in *Bucklew v. Precythe*, __ U.S. __, 139 S. Ct. 1112, 203 L. Ed. 2d 521 (2019). Respondent, Warden Tim Shoop ("respondent"), does not object to the proposed amendment, except for the inclusion of the final paragraph, which he argues raises "entirely new claims" of ineffective assistance of trial and post-conviction counsel. (Doc. No. 25 ["Opp'n"] at 9170.)[1] For the following reasons, Hale's motion for leave to amend is granted.

I. ANALYSIS

Rule 15 allows a habeas petitioner to amend or supplement a petition once as a matter of course within twenty-one days after serving it. Fed. R. Civ. P. 15(a)(1)(B); *see also* 28 U.S.C. §

---

[1] All page number references herein are to the page identification number generated by the Court's electronic docketing system.

2242 (habeas actions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"); Fed. R. Civ. P. 81(a)(4) (federal rules of civil procedure "apply to proceedings for habeas corpus"); Rule 12, Rules Governing § 2254 Cases (federal rules of civil procedure apply in habeas cases "to the extent that they are not inconsistent with any statutory provisions or [the habeas] rules"). Hale filed his original petition on October 10, 2018. (*See* Doc. No. 13.) Thus, his proposed amendment falls well outside the prescribed twenty-one-day period for amendment without leave.

Rule 15 permits amendment after that initial time period, however, with the opposing party's written consent or the Court's leave. Fed. R. Civ. P. 15(a)(2). Courts should "freely give leave when justice so requires." *Id*. In determining whether to grant leave to amend, courts should consider "'[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment . . . .'" *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994) (citations omitted and punctuation regularized)). Notice and "substantial prejudice" to the opposing party are "critical factors" in evaluating such a request. *Id*. at 341–42.

Federal habeas corpus actions are also subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). A motion to amend a habeas petition, therefore, "will be denied where it is filed after that period expires unless the proposed amendment relates back to the date of the original pleading within the meaning of [Rule 15(c)]." *Howard v. United States*, 533 F.3d 472, 475–76 (6th Cir. 2008). Rule 15(c) permits relation-back of a proposed amendment to a habeas petition when both the pleading and the proposed amendment arise out of the same "conduct, transaction, or occurrence." Fed. R. Civ. P. 15(c)(1)(B). A proposed amendment may relate back

to a timely petition "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts…." *Mayle v. Felix*, 545 U.S. 644, 664, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005). A claim will not relate back, however, to the extent that it "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id*. at 650.

Respondent objects only to the final paragraph of Hale's proposed amendment, which states:

> Hale's trial counsel preformed deficiently, and to Hale's prejudice, when they failed to raise this claim in state court. Postconviction counsel was deficient, to Hale's prejudice, in the same way trial counsel's performance was lacking. Because the evidence supporting this claim is based outside the record, under Ohio law, Hale's first opportunity to raise the issue was in postconviction. Hale was prejudiced by his postconviction counsel's failure to pursue this substantial issue of trial counsel's ineffective assistance.

(Doc. No. 24-1 at 9007.) Respondent contends that this language presents "entirely new claims" of ineffective assistance of trial and post-conviction counsel that do not relate back to the original petition and "have absolutely no basis[.]" (Opp'n at 9170.)

Hale, for his part, denies that he is raising new ineffective-assistance claims in this paragraph. (Doc. No. 26 at 9174.) Instead, Hale referenced the ineffective assistance of counsel only to demonstrate cause and prejudice to excuse any procedural default of his method-of-execution claim resulting from his failure to fully litigate the claim in state courts. (*Id*.)

The Court has no reason to question Hale's characterization of the paragraph at issue. Indeed, Hale frames the ineffective-assistance claims in that paragraph as a presentation of cause and prejudice to excuse an anticipated assertion of the underlying claim's procedural default. As Hale points out, respondent argues that the ineffective-assistance claims are baseless but does not explain why. In permitting the full proposed amendment, respondent will have the opportunity to

develop that argument in an amended return of writ. Hale's requested amendment, therefore, will not prejudice respondent in any respect.

## II. CONCLUSION

Accordingly, Hale's motion for leave to amend his petition is granted. Respondent shall amend his return of writ to answer Hale's amended petition within thirty days of the date of this order.

**IT IS SO ORDERED**.

Dated: December 9, 2019

SARA LIOI
UNITED STATES DISTRICT JUDGE