IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DELANO HALE, | ) | |
| | ) | CASE NO. 1:18-cv-504 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE SARA LIOI |
| | ) | |
| TIM SHOOP, Warden, | ) | |
| | ) | MEMORANDUM OPINION |
| Respondent. | ) | AND ORDER |
| | ) | |

## INTRODUCTION

Before the Court in this capital habeas corpus case is petitioner Delano Hale's ("Hale" or "petitioner") motion under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend this Court's judgment denying his petition for writ of habeas corpus and amended twenty-sixth ground for relief (Doc. Nos. 40, 41). (Doc. No. 43.) Respondent has filed a brief in opposition to Hale's motion (Doc. No. 44), to which Hale has replied (Doc. No. 45). For the reasons stated below, Hale's motion is denied.

## PROCEDURAL HISTORY

Hale filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 10, 2018, asserting twenty-seven grounds for relief. (Doc. No. 13.) He sought and received leave of Court to amend his twenty-sixth claim for relief. (*See* Doc. Nos. 24, 27.) On March 31, 2021, the Court denied Hale's amended habeas petition and granted a certificate of appealability ("COA") for his nineteenth ground for relief and a related sub-claim of the eighteenth ground. (*See*

Doc. No. 40 at 217–18.[1]) Hale now asserts that the Court made clear errors of law in denying his first and seventh grounds for relief. (*See* Doc. No. 43 at 14.) He also claims the Court erred in denying a COA on his first, seventh, and twenty-third grounds for relief as well as portions of his eleventh ground for relief. (*Id.*)

## ANALYSIS

### A. Standard of Review

Federal Civil Rule 59(e) "enables a district court to rectify its own mistakes in the period immediately following its decision." *Banister v. Davis*, 140 S. Ct. 1698, 1703, 207 L. Ed. 2d 58 (2020) (internal quotation marks and citation omitted). But relief under the rule is limited to cases in which there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *See Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (internal quotation marks omitted).

Rule 59(e) "allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1988)). Parties may not use this rule to relitigate arguments or present new arguments that could have been raised before judgment. *Id.*

Moreover, relief under this rule "is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *U.S. ex rel. Am. Textile Mfrs. Inst. Inc. v. The Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998). The

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the electronic filing system, a page citation practice recently adopted by the Court.

grant or denial of a Rule 59(e) motion is within the informed discretion of the district court. *See GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

Respondent contends that Hale's motion fails to set forth a permissible ground for relief under Rule 59(e), but instead "offers the quintessential re-argument outside the scope of [the rule]." (Doc. No. 44 at 3.)

### B. First Ground for Relief

Hale argues that the Court erred in denying his first ground for relief. In that ground, Hale asserted that the trial court's jury-selection procedures, which excluded persons convicted of felonies from the jury pool, violated his Sixth Amendment right to a jury from a fair cross-section of his community and his Fourteenth Amendment rights to due process and equal protection. (*See* Doc. No. 13 at 70–82.)

In denying this claim the Court first noted that, to the extent Hale alleged the jury procedures violate Ohio law, his claim was not cognizable in habeas corpus. (Doc. No. 40 at 32–33.) The Court then concluded that the practice of excluding felons from juries does not violate the Sixth or Fourteenth Amendments, explaining that courts that have addressed these claims have "uniformly rejected" them, finding that felons do not comprise a "distinctive group" that may not be systematically excluded from jury venires for purposes of a fair cross-section claim, and that even if a *prima facie* equal-protection claim could be established based on the exclusion of felons from jury venires, states have a legitimate interest in excluding felons to protect the probity of juries. (*Id*. at 33–35.) This Court agreed with and adopted the reasoning of those decisions and rejected Hale's claim on that basis. (*Id.*)

Hale asserts that the Court committed clear legal errors in so ruling. As an initial matter, Hale contends that the Court "did not rule on the individual prongs of the fair cross-section or

3

equal protection tests" and instead ruled that "even if the prongs were established, the State had a rational basis for excluding all felons from juries." (Doc. No. 43 at 19–20.) But the Court set out the criteria required for a *prima facie* violation of the Sixth Amendment's fair cross section requirement and determined that Hale's argument failed on the first prong because he could not show that felons constitute a "distinctive group," as required to establish a *prima facie* fair cross-section violation. (*See* Doc. No. 40 at 31–33.) The Court also set out the three-part test for determining whether the selection of jurors complied with the Equal Protection Clause of the Fourteenth Amendment. (*Id*. at 32.) Upon analysis, the Court concluded that even if Hale could establish a *prima facie* case of discriminatory intent, which he did not, that State had a significant interest in the honesty, integrity, and impartiality of jurors and rejected Hale's equal protection claim, as well. (*Id*. at 34–35.). To the extent that Hale's objection to the Court's rejection of ground one simply reasserts previously raised arguments or expresses disagreement with the Court's ruling, neither is a proper basis for relief under Rule 59.

Hale then argues the Court's conclusion that there is no sufficient state interest in excluding felons to overcome "any fair cross-section or equal protection violation" is erroneous because the county's exclusion of felons from his jury venire was "just a mistake." (Doc. No. 43 at 20.) In support, he cites to the Sixth Circuit's decision in *Garcia-Dorantes v. Warren*, 801 F.3d 584 (6th Cir. 2015). In *Garcia-Dorantes*, a federal habeas petitioner brought a fair cross-section claim under the Sixth Amendment based upon a computer glitch in the county's software that had systematically excluded African–Americans from his jury pool and the Sixth Circuit concluded that mistakes in jury selection do not advance any valid state interest. *Garcia-Dorantes v. Warren*, 801 F.3d 584, 604 (6th Cir. 2015) ("[B]ecause the glitch was inadvertent, no state interest was advanced by the computer error and subsequent underrepresentation of minorities in the jury

4

venire."). But *Garcia-Dorantes* concerned a petitioner's *fair cross-section* claim, in which intent is not relevant, as opposed to an equal-protection claim, of which the very premise is that the state acted with discriminatory purpose. *Compare United States v. Gelb,* 881 F.2d 1155, 1161 (2d Cir. 1989) ("While the equal protection clause of the fourteenth amendment prohibits underrepresentation of minorities in juries by reason of intentional discrimination, *Alston v. Manson,* 791 F.2d 255, 257 (2d Cir. 1986), *cert. denied,* 479 U.S. 1084, 107 S. Ct. 1285, 94 L. Ed. 2d 143 (1987), '[t]he sixth amendment is stricter because it forbids any substantial underrepresentation of minorities, regardless of ... motive,' *id.*") and *McCleskey v. Kemp*, 481 U.S. 279, 292, 107 S. Ct. 1756, 95 L. Ed. 2d 262 (1987) ("Our analysis begins with the basic principle that a defendant who alleges an equal protection violation has the burden of proving 'the existence of purposeful discrimination.'") (quoting *Whitus v. Georgia*, 385 U.S. 545, 550, 87 S. Ct. 643, 17 L. Ed. 2d 599 (1967)).

Hale's allegation that Cuyahoga County excluded felons from jury duty by "mistake," therefore, is relevant only to Hale's fair cross-section claim, as it would completely undermine his equal-protection claim. And even with regard to that claim, Hale barely raised the argument in his pleadings. The clear thrust of both bases of Hale's jury-selection claim was that Cuyahoga County "intentionally excluded jurors with previous felony convictions because it results in more favorable jury composition for the County prosecutors." (Doc. No. 13 (Petition) at 80; *see also* Doc. No. 31 (Traverse) at 60 ("The question then is whether the jury commission in one county can ignore [the] law and, on their own accord, prohibit felons whose rights have been restored from serving on juries.").) Only in his traverse did Hale briefly concede, citing *Garcia-Dorantes*, that "[e]ven if the jury commission is acting entirely in good faith and simply misunderstands the law, there is no compelling state interest defense available to the Warden in this kind of situation."

5

(Doc. No. 31 (Traverse) at 60 (citing *Garcia-Dorantes*, 801 F.3d at 604).) The Court, therefore, committed no error in not considering Hale's "mistake" argument in its evaluation of Hale's equal protection jury-selection claim.

Hale also tries to distinguish the cases the Court cited as authority for its finding that most courts have found exclusions of felon from jury venires rationally related to the state's legitimate interest in the probity of jurors on the ground that, in this case, there is no Ohio law permitting the exclusion to furnish such a justification. (Doc. No. 43 at 19–20.) But Hale is merely reasserting an argument through this motion that he already has presented to the Court, which is not permissible under Rule 59(e). (*See* Doc. No. 31 (Traverse) at 59–60.)

Hale next argues that although the Court did not decide whether he had demonstrated a *prima facie* fair cross-section claim—which, as noted above, is incorrect—it erroneously "implied" that it "would rule" that felons are not a "distinctive group" for purposes of such a claim. (Doc. No. 43 at 22–25.) He contends the cases and other authority the Court relied upon for its "implied" position either do not apply, are not controlling or persuasive, or can be distinguished. (*Id.*) But, again, this type of re-argument is beyond the permissible scope of a Rule 59(e) motion as it is more like a "disagreement with [the Court's] decision," treating the ruling like "an opponent's brief, the rationale of which was subject to refutation, rather than, as a judicial order, entitled to acknowledgement." *Davie v. Mitchell*, 291 F. Supp. 2d 573, 634 (N.D. Ohio 2003). This ground for Hale's motion also fails.

### C. Seventh Ground for Relief

Hale argues that the Court also erred in denying his seventh ground for relief, concerning Hale's alleged assertion of his right to testify at trial. (Doc. No. 43 at 27–41.) He claims that Court erred by: (1) treating Hale's claim as alleging a trial-court error rather than a violation of his right

6

to "autonomy;" (2) incorrectly finding that Hale did not express his desire to testify in a timely manner; (3) incorrectly finding ambiguity in the record on this issue; and (4) incorrectly finding Hale's assertion of ineffective assistance of counsel did not excuse his procedural default of the claim. (*Id*.) Hale's arguments on reconsideration are unavailing.

As to Hale's first point, if the Court misunderstood the true "substance" of his claim, which he now explains was premised on his right to "autonomy" rather than the trial court's failure to protect his right to testify at trial (*id*. at 29), then the Court suggests that the problem lies with Hale's formulation of his claim, not the Court's understanding of it. As the Warden noted in his sur-reply, the nature of Hale's complaint about testifying was unclear; he appeared to fuse claims asserting trial-court error, ineffective assistance of counsel, and right to autonomy. (*See* Doc. No. 33 at 47–48.) The Court, therefore, addressed all three claims—including his autonomy claim—and committed no error. (*See* Doc. No. 40 at 108–111; *id*. at 150–51.)

As to Hale's remaining allegations of error, they concern the Court's analysis—all arguments he either made already or could have made. On reconsideration under Rule 59(e), the Court "will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister*, 140 S. Ct. at 1703 (citations omitted). Hale, therefore, is not entitled to further reconsideration of his seventh ground for relief.

### D. Certificate of Appealability

Finally, Hale contends the Court should reconsider its denial of a COA on grounds for relief one (jury selection), seven (right to testify), twenty-three (suppression of evidence), and parts of eleven (ineffective assistance of trial counsel). (Doc. No. 43 at 26–27, 40–73; *see* Doc. No. 40 at 217–18.)

Respondent first counters that requests for reconsideration of COA's are not within Rule 59(e)'s scope. (Doc. No. 44 at 7–8.) As he notes, federal civil procedure rules apply to habeas cases "to the extent that they are not inconsistent with any statutory provisions or [the habeas] rules . . . ." Rules Governing Habeas Corpus Cases Under Section 2254, Rule 12; *see also* Fed. R. Civ. P. 81(a)(4)(A). And, as Respondent points out, Habeas Rule 11 prohibits parties from appealing a district court's denial of a COA but permits them to seek a COA directly from the appellate court. Rules Governing Habeas Corpus Cases Under Section 2254, Rule 11(a). Hale is correct that Habeas Rule 11 explicitly contemplates that petitioners may move a district court for reconsideration of its denial of a COA. (Doc. No. 45 at 15), but "[a] motion to reconsider a denial [of a certificate of appealability] does not extend the time to appeal." Rules Governing Habeas Corpus Cases Under Section 2254, Rule 11(a). The Court, therefore, may reconsider its decision whether to grant a COA.

As an initial matter, Hale contends that the Court "appears" to have applied an incorrect legal standard in its COA review, citing *Miller El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). (*See* Doc. No. 45 at 17.) The Court, however, applied *Slack v. McDaniel*, as referenced by the Supreme Court in *Miller El*. (*See* Doc. No. 40 at 218.)

Petitioner also contends that the Court issued its COA ruling without the benefit of briefing. (*See* Doc. No. 45 at 16.) Habeas Rule 11(a) does not require briefing before issuance of a COA: "Before entering a final order, the court may direct the parties to submit arguments on whether a certificate should issue." Here, neither party requested briefing and the Court concluded that briefing would not assist the Court in determining whether a certificate should issue regarding the grounds upon which Hale seeks reconsideration.

8

A careful review of Hale's arguments supporting reconsideration of the Court's COA denials reveals that there is no basis upon which to reconsider those determinations and the Court adheres to its earlier decision. (*See* Doc. No. 40 at 217–19.) If Hale believes the Court erred in denying a COA for the issues in question here, and to the extent he may do so under the applicable rules, Hale may seek a certificate of appealability from the Sixth Circuit.

### CONCLUSION

For all of the foregoing reasons, Hale's motion for reconsideration is denied.

**IT IS SO ORDERED**.

Dated: March 1, 2022

SARA LIOI
UNITED STATES DISTRICT JUDGE